GROVER C. MORETZ, JR., Employee v. RICHARDS & ASSOCIATES, INC.,
EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY INSURANCE
COMPANY, INSURER, DEFENDANTS

No. 263PA85

(Filed 6 May 1986)

1. **Master and Servant § 69 — workers' compensation — permanent disability — no deduction for temporary disability payments**

    Where defendants accepted plaintiff's injury as compensable and began making disability payments, those payments were "due and payable" and were not deductible under N.C.G.S. § 97-42 from an award for permanent disability so long as the payments did not exceed the amount determined by statute and by the Commission to compensate plaintiff for his injuries.

2. **Master and Servant § 72 — workers' compensation — beginning of payments for permanent disability — plaintiff already fully compensated**

    When plaintiff reached his maximum recovery in December 1977, his compensation for temporary total disability ended and his compensation for permanent disability began, and plaintiff has been fully compensated for his injury where he was entitled to 180 weeks of permanent disability payments according to N.C.G.S. § 97-31 and the findings of the Commission, and he has received 255 weeks of disability payments since December 1977.

ON plaintiff's petition for discretionary review of the decision of the Court of Appeals, 74 N.C. App. 72, 327 S.E. 2d 290 (1985), which vacated the opinion and award of the North Carolina Industrial Commission filed 4 April 1984 in Docket No. I-2238 and remanded the cause to the Commission. Heard in the Supreme Court 20 November 1985.

*Hedrick, Eatman, Gardner & Kincheloe, by Philip R. Hedrick and Thomas E. Williams, for plaintiff-appellant.*

*Jones, Hewson & Woolard, by R. G. Spratt III and Hunter M. Jones, for defendant-appellees.*

MARTIN, Justice.

Plaintiff was employed as a pipe welder for Richards & Associates, Inc., on 6 November 1975 when he suffered a back strain while lifting a heavy bottle of veneer. Defendant carrier, United States Fidelity & Guaranty Insurance Company, accepted the injury as compensable and now concedes that it is bound by that acceptance. The parties stipulated that: the injury was com-

---

Moretz v. Richards & Associates

---

pensable; the plaintiff's average weekly wage was $262.38; the defendant carrier paid disability benefits to plaintiff for 362 weeks and 2 days between 7 November 1975 and 25 October 1982; and plaintiff's condition has not undergone any significant change since 1 December 1977.

As a result of plaintiff's confinement following the back injury, he developed phlebitis of the left leg and suffered a pulmonary embolism. Plaintiff's back has healed; but he continues to have severe pain in his leg, cannot stand on the leg for more than thirty minutes at a time, and is required to take regular medication.

The hearing commissioner found that plaintiff had a 90 percent partial disability of the left leg for which he was entitled to compensation for permanent disability at the rate of $146 per week for a period of 180 weeks. The commissioner concluded that payment was to have begun 26 October 1982. In his findings of fact, the commissioner rejected defendants' contention that they be allowed a credit under N.C.G.S. § 97-42 for compensation already paid to plaintiff for temporary total disability from 7 November 1975 through 25 October 1982.

Defendants appealed to the full Commission, arguing that the award of 180 additional weeks of benefits effectively awarded plaintiff a double payment and that the commissioner's refusal of a credit for benefits already paid was in error. The full Commission adopted the opinion and award of the hearing commissioner and affirmed its results.

The Court of Appeals noted that the findings of the Commission supported a conclusion that by December 1977 plaintiff had achieved maximum recovery and there was no evidence that temporary total disability continued thereafter. "Accordingly, all disability payments made by defendants after 1 December 1977 should be characterized as 'permanent partial' disability payments for which defendants are eligible for a credit in the discretion of the Industrial Commission pursuant to G.S. 97-42." 74 N.C. App. 72, 75, 327 S.E. 2d 290, 293 (1985). The Court of Appeals acknowledged that under N.C.G.S. § 97-42, granting the employer a credit for or deduction of past payments from payments due was within the discretion of the Industrial Commission, but it held

that the Commission had abused its discretion in denying a credit under the circumstances of this case.

Section 97-42 states:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.

N.C.G.S. § 97-42 (1985). These provisions are typically limited to situations where, for example, an employer pays a disabled employee wages intended as compensation (and not as a gratuity) throughout the period of the latter's absence from work, or where the employer pays the employee a lump sum in settlement of an anticipated award but a change in the latter's condition causes the award to be diminished. *See* 99 C.J.S. *Workmen's Compensation* § 330, at 1181-87 (1958); *Ingram v. Bituminous Casualty Corporation*, 109 Ga. App. 87, 134 S.E. 2d 861 (1964). In North Carolina, this section has been held not to apply to fringe benefits or to insurance proceeds that are of a contractual nature rather than proceeds that are grounded in the workers' compensation law. *Ashe v. Barnes*, 255 N.C. 310, 121 S.E. 2d 549 (1961). None of these circumstances are present in this case.

[1] This section expressly provides that payments made by the employer which were "due and payable" when made are not deductible. The parties to this action stipulated before the hearing commissioner that the carrier accepted plaintiff's injury as compensable shortly after his accident and thereafter began making disability payments. The Workers' Compensation Act provides that a policy insuring an employer against liability arising under that Act must contain an agreement by the insurer to pay promptly all benefits conferred by its provisions, and that such agreement is to be construed as a direct promise to the person entitled to compensation. N.C.G.S. § 97-98 (1985). By virtue of this promise, once the employer has accepted an injury as compensable, benefits are "due and payable." *See also* N.C.G.S. § 97-18(b)

(1985). Because defendants accepted plaintiff's injury as compensable, then initiated the payment of benefits, those payments were due and payable and were not deductible under the provisions of section 97-42, *so long as* the payments did not exceed the amount determined by statute or by the Commission to compensate plaintiff for his injuries.

Regarding the issue of excessive payment, then, the question remains whether plaintiff is entitled to further compensation for his disability. The hearing commissioner, citing *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978), concluded that plaintiff was entitled to benefits as scheduled under N.C.G.S. § 97-31(15) and (19), and that this precluded compensation for permanent total disability under N.C.G.S. § 97-29. Section 97-31 provides that compensation shall be paid for disability during the "healing period," which has been characterized as compensation for temporary disability. *See, e.g., Carpenter v. Industrial Piping Co.*, 73 N.C. App. 309, 326 S.E. 2d 328 (1985). In addition, that section provides that compensation be paid for any remaining disability, which "shall be deemed to continue for the period specified." N.C.G.S. § 97-31 (1985).

[2] Plaintiff's "healing period" had stabilized and he had reached his maximum recovery by December 1977, and it is this date that marks the termination of his compensation for temporary total disability and the initiation of compensation for permanent disability. According to the payment schedule of section 97-31 and in accord with the findings of the Commission, plaintiff was entitled to 180 weeks of disability payments. Plaintiff has received nearly 255 weeks of disability payments since that date. Plaintiff has therefore already received more than he was entitled by statute to receive. We hold that, regardless of how the payments made to plaintiff were characterized, the date upon which he reached his maximum recovery determined the initiation of the statutorily scheduled period of benefits for his remaining disability. Plaintiff has already been fully compensated for his injury, and we hold that defendants owe plaintiff no additional compensation.

The decision of the Court of Appeals is accordingly

Modified and affirmed.