The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which was entered into by the parties at the hearing as a
STIPULATION
1. Defendants paid the compensation to plaintiff shown on the Form 28B dated April 18, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On February 13, 1992 plaintiff was employed by defendant-employer as a heavy equipment operator and was working on a project at the Rocky Mount water treatment plant. He sustained a compensable injury by accident on that date when a heavy piece of steel fell as he was walking past it and it struck his right leg. After being seen at the emergency room, he was sent to Dr. A.H. Marsigli, an orthopaedic surgeon. Dr. Marsigli examined plaintiff, reviewed x-rays and then diagnosed plaintiff's condition as a nondisplaced fracture of the medial malleolus in the right ankle. He applied a cast and prescribed medication.
2. After the cast was removed, plaintiff continued to experience symptoms of pain and swelling in his foot despite medication and therapy, so on July 2, 1992, Dr. Marsigli performed arthroscopic surgery to his foot. Surgery revealed that he had synovitis, some chondromalacia and evidence of torn ligaments. Following the operation, his condition improved. By September 4, 1992 he continued to complain of some pain but had good range of motion. Dr. Marsigli prescribed medication and advised him to use contrast baths. For some unknown reason, he did not return to Dr. Marsigli for further follow-up care. On October 1, 1993 Dr. Marsigli advised defendants' rehabilitation consultant that plaintiff had sustained a 30% permanent partial disability of his right foot and that he should not engage in climbing activities which might produce a fall. Dr. Marsigli was concerned that his ankle might give way on a ladder where he had nothing to hold on to, but thought that it would be no problem for him to climb stairs.
3. Holly Soper became the rehabilitation consultant in December 1993. She spoke with the employer who advised that there were two jobs within the restriction given. Based upon the information provided, she prepared written job descriptions for a laborer position and a carpenter position which she then sent to Dr. Marsigli. He approved both positions, so plaintiff was advised to return to work. Up until that time, he had apparently made no effort to find employment and had not returned to Dr. Marsigli for medical care. Defendants had admitted liability for worker's compensation benefits for his injury and had continued to pay compensation to him since July 9, 1992. He had continued to work until he had the surgery and defendants apparently never paid him for the seven day waiting period.
4. Plaintiff returned to work on April 18, 1994 and worked for two days without complaint regarding his foot. He was assigned tasks which were within his physical capacity. However, he did not report for work after April 19, 1994 and did not call his employer to advise or explain about his absence. Consequently, his employment was subsequently terminated in accordance with company policy. He later began working for another construction company.
5. On July 19, 1994 Dr. Marsigli evaluated plaintiff's ankle and found good range of motion, no instability and no crepitus, although there was some narrowing within the joint on x-ray. Plaintiff reported that he still experienced some popping and discomfort. However, he was able to walk without a limp.
6. By October 1, 1993 plaintiff had reached maximum medical improvement with respect to his ankle injury. He sustained a 30% permanent partial disability to his right foot as a result of this injury by accident. At that time, he was 42 years old and had a ninth grade education. His prior employment had been in construction work including heavy equipment operation, a task which he could still perform. His restrictions were not such that it would be presumed to be futile for him to look for work. He was capable of working as long as he could sit down occasionally and could avoid climbing ladders where there was nothing for him to hold on to. Dr. Marsigli also advised him to wear an ankle brace. Having made no effort to find work, plaintiff did not establish what his actual wage earning capacity was. In any event, since he was offered suitable work in April 1994 which he refused after two days without justification, he would receive more compensation for his permanency rating than for wage loss based upon his actual earnings.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $253.34 per week for one week for the temporary total disability he sustained as a result of this injury by accident during the seven day waiting period in that his disability lasted more than twenty-one days. G.S. 97-28 and 29.
2. Temporary total disability ends when a claimant reaches maximum medical improvement. Moretz v. Richards and Associates,Inc., 316 N.C. 539 (1986).
3. Plaintiff is entitled to compensation at the rate of $253.34 per week for 43.2 weeks for the 30% permanent partial disability he sustained to his right foot as a result of this injury by accident. However, defendants are entitled to a credit for compensation previously paid after October 1, 1993. G.S. 97-31; G.S. 97-42; Russell v. Lowe's Products Distribution,108 N.C. App. 762 (1993).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S.97-2(19); G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $253.34 per week for one week for his additional temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay compensation to plaintiff at the rate of $253.34 per week for 43.2 weeks for his permanent partial disability, but subject to a credit for compensation previously paid after October 1, 1993. This compensation has also accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. An attorney's fee in the amount of 25% of the compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Perry.
5. Defendants shall pay the costs.
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
CMV/cnp/mj 11/15/95