Plaintiff suffered from two distinct physical conditions of the lower back, a bulging disc at L4-5 and a rare retroperitoneal tumor. The tumor, unrelated to plaintiff's work, caused symptoms consistent with disc disease — i.e., lower back pain with radiating pain down the leg. Depo. of Dr. Parker, pps. 9, 11. At the time of his injury at work, plaintiff had experienced at least some back pain for two years. Depo. of Dr. Strupe, pps. 7-13. These symptoms continued to increase, forcing plaintiff out of work in mid-October and, despite a brief respite in November following disk surgery, caused foot-drop and other more serious problems later. The tumor was so rare that it was sent for an opinion as to its exact "cytology" to the Department of Defense Armed Forces Institute of Pathology, which was unable to specifically classify it. Depo. of Dr. Parker, pps. 7-8, 10. When it was finally discovered, Dr. Parker performed surgery on the large tumor and found that it had eroded into the sacrum and iliac bones and the sciatic nerve itself, permanently damaging it. Depo. of Dr. Parker, pps. 6, 13. Plaintiff's continuing problems of back pain, motion problems with his right leg, muscle atrophy and foot drop are causally related to the tumor. Depo. of Dr. Parker, pps. 11-13.
"[W]hen a pre-existing, nondisabling, non-job-related disease or infirmity eventually causes an incapacity for work without any aggravation or acceleration of it by a compensable accident or by an occupational disease, the resulting incapacity so caused is not compensable." Morrison v. Burlington Industries, 304 N.C. 1, 18,282 S.E.2d 458 (1981). However, the compensable injury to the back and then the need to heal from the surgery undertaken (reasonably, under the circumstances) to relieve the pressure it put on the sciatic nerve, was disabling until May 18, 1991, when he reached maximum medical improvement from these conditions. While a "finding of maximum medical improvement is not . . . the equivalent of a finding that the employee is able to earn the same wage earned prior to injury", seeWatson v. Winston-Salem TransitAuthority, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988), it is pursuasive evidence with the vast majority of the workplace injuries that do not result in vocationally limiting physical impairments, and the need to heal is the only apparent barrier to re-employment at pre-injury wages. See, e.g., Moretz v. Richards Associates, 316 N.C. 539, 342 S.E.2d 844 (1986).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner, with minor modifications, as follows:
Based upon all the competent credible evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff, who is 64 years old and attended school to the ninth grade, was employed by defendant as a truck driver since 1979. This job involved long distance driving and heavy lifting.
2. On 27 August 1991, plaintiff had suffered back pain for approximately two years. On that date, he sustained an injury by accident arising out of and in the course of his employment with defendant when he injured his back unloading a 170-pound window. Plaintiff reported the injury to defendant that same day and was sent to see the doctor at Immediate Care, where he gave a history of injuring his back earlier that day lifting a window. Plaintiff continued to work until October 14, 1991.
3. On 9 September 1991, plaintiff was seen by Dr. Strupe, a chiropractor, for complaints of back pain. Plaintiff gave Dr. Strupe a history of low back and leg pain of two years duration which had continued to get worse. Plaintiff did not tell Dr. Strupe about his injury at work on 27 August 1991. However, based on the Deputy Commissioner's firsthand evaluation of the testimony, the plaintiff's testimony concerning the injury is deemed credible. Therefore, the Form 21 agreement whereby defendant admitted liability for the injury was not procured by fraud or misrepresentation.
4. Following the injury, plaintiff developed increasing muscle weakness and atrophy in the right leg, forcing him to stop work on October 14, 1991. In November 1991, he underwent back surgery by Dr. Yates for a bulging L4-5 disc which, during surgery, was found to be compressing the nerve root.
5. Immediately following the surgery, plaintiff reported some improvement in pain, but by the end of January 1992 was complaining that his pain had not improved since the surgery. Dr. Yates ordered further testing, none of which revealed any recurrent pathology in the back. It was not until after the surgery that plaintiff developed foot drop. By 18 May 1992, Dr. Yates concluded plaintiff had reached maximum medical improvement with a 15 percent permanent impairment to his back based on the chronic radiculopathy, weakness and pain for which he could find no explanation. However, these conditions prevented plaintiff from returning to work as a truck driver.
6. In December 1992, as a result of further testing related to his continued back and right leg pain, plaintiff was discovered to have a retroperitoneal tumor 10 centimeters in diameter involving the sciatic nerve sheath on the right side. Plaintiff reported improvement following removal of the tumor, but continued through the date of the hearing before the Deputy Commissioner to experience weakness, muscle atrophy and foot drop, all of which are attributable to the permanent damage to the sciatic nerve caused by the tumor, and not the back injury of 27 August 1991. Given the size of the tumor that was removed, it more likely than not was present and causing most of the back symptoms of which plaintiff complained in August and November 1991.
7. In 1989 plaintiff began undergoing treatment for major depression which continued through the time of the August 1991 injury and thereafter. There is insufficient medical evidence to determine by its greater weight that the injury of 27 August 1991 caused, significantly aggravated, or contributed to the development of plaintiff's chronic depression.
8. The injury of 27 August 1991 did not cause a right inguinal hernia.
9. Plaintiff's ongoing or permanent loss of capacity to earn wages on the date of the hearing before the Deputy Commissioner has resulted from his non-work related depression and the permanent damage to the sciatic nerve caused by the tumor.
10. Prior to reaching maximum medical improvement from the back injury and consequent surgery on May 18, 1992, these contributed in some indivisible degree to the disabling back condition from which plaintiff suffered. Since reaching maximum medical improvement from back injury of August 1991 in May 1992, plaintiff's ongoing disability has been wholly due to the tumor, and not the back injury.
11. Inasmuch as plaintiff did suffer an injury to his back with related hip symptoms in August 1991 as a result of a specific traumatic incident, the Form 21 admitting liability for "injury to right hip" was not entered into as a result of a mutual mistake of fact.
12. When the parties entered into the Form 21, neither contemplated that defendant was accepting liability for a malignant tumor in the pelvic area which was causing symptoms that mimicked a back injury.
13. The greater weight of the medical and other evidence shows that plaintiff had progressively worsening symptoms as a result of growth of the non-work related tumor and the pressure it put on the sciatic nerve, which it eventually "eroded" and permanently damaged; that trauma to the L4-5 disk in the compensable incident caused some additional pressure on that nerve, which was relieved by surgery; and, that the increasing symptoms following this back surgery and all disability following recovery from that surgery and maximum medical improvement of the disk are attributable to the tumor, which was neither caused, precipitated, aggravated nor accelerated by the compensable injury. Plaintiff has failed to prove whether or how much permanent disability to his back is causally related to the injury of 27 August 1991.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
Plaintiff suffered temporary total disability from 14 October 1991 through 18 May 1992 for which he has been fully compensated. Plaintiff is not entitled to additional compensation as a result of the compensable injury of 27 August 1991, and the Order to stop payment of compensation is hereby AFFIRMED. Inasmuch as plaintiff's disability after 18 May 1992 is attributable to his non-work-related tumor, the Form 21 agreement to pay compensation for the temporary total disability caused by work-related back injury has been fully executed. Plaintiff is entitled to medical compensation related to the compensable injury. N.C. Gen. Stat. §§ 97-2(6); 97-29; 97-2(19);97-25.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for additional compensation is DENIED. Defendant is entitled to a credit for all compensation paid plaintiff after 18 May 1992.
2. Defendant shall pay the bills for medical compensation when the same are approved in accordance with the rules of the Commission.
3. Each side shall pay its own costs.
4. Defendant shall pay an expert witness fees of $200 to Dr. Parker, $250 to Dr. Yates, and $125 to Dr. Strupe.
 S/ ____________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
JRW/jss/md 4/3/97