***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and oral arguments of the parties. With reference to the errors assigned by defendants, the Full Commission finds that defendants have in part shown good grounds to reconsider the evidence. Accordingly, the Full Commission AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** ISSUES TO BE DETERMINED
1. What is defendants' remedy for plaintiff not timely returning the $64,224.25, which was deposited into his personal banking account? *Page 2 
2. Whether plaintiff should be held in civil and/or criminal contempt for his failure to comply with an order of the Industrial Commission and whether criminal sanctions should be imposed?
 *********** EVIDENTIARY MATTERS
At the hearing, plaintiff submitted the following:
 a. The April 3, 2007 Full Commission Opinion and Award, which was admitted into the record and marked as Plaintiff's Exhibit (1);
 b. Correspondence dated April 15, 2008, which was admitted into the record and marked as Plaintiff's Exhibit (2);
 c. A Packet of Emails, which was admitted into the record and marked as Plaintiff's Exhibit (3);
 d. A Mortgage Document, which was admitted into the record and marked as Plaintiff's Exhibit (4) and;
 e. A Copy of a Check, which was admitted into the record and marked as Plaintiff's Exhibit (5).
Also at the hearing, defendants submitted the following:
 Correspondence dated July 25, 2008 requesting a Return of Overpayment, and attached case law defendants contend support their argument in this claim, which were admitted into the record and collectively marked as Defendants' Exhibit (1).
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 3 
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of the parties.
3. On the date of injury, the parties were subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. On all relevant dates, Gallagher Bassett Services, Inc. was the compensation carrier on the risk.
6. This is an accepted claim.
7. Plaintiff's date of injury was May 10, 2002.
8. In addition to the other stipulations contained herein, the parties hereto stipulate and agree with respect to the following undisputed facts:
 a. Pursuant to an Opinion and Award of the Full Commission entered April 3, 2007, defendants were ordered to pay plaintiff permanent total disability compensation at the rate of $411.74 per week commencing as of May 11, 2002.
 b. Pursuant to the same Opinion and Award, defendants were ordered to compensate Ms. Darlene Green, who was then plaintiff's wife, for non-skilled attendant care. This amount was determined to be $362,175.00, less a twenty-five percent (25%) attorney's fee. *Page 4 
 c. Plaintiff's counsel sent correspondence to counsel for defendants on April 15, 2008, requesting that the compensation due Ms. Green, be sent in care of counsel for plaintiff pursuant to her request.
 d. On July 15, 2008, defendants tendered funds owed to plaintiff and Ms. Green by way of direct deposit into plaintiff's account. This amount included the $271,631.25 ($362,175.00, less a twenty-five percent (25%) attorney's fee) owed to Ms. Green.
 e. On July 16, 2008, counsel for plaintiff advised counsel for defendants that plaintiff and Ms. Green had become estranged and requested that defendants re-issue the $271,631.25 ($362,175.00, less the twenty-five percent (25%) attorney's fee) directly to Ms. Green.
 f. Counsel for plaintiff also instructed plaintiff to obtain a bank check for the amount owed to Ms. Green and deliver it to him so that it may be returned to defendants. The bank check was to be made payable to defendant-carrier. Counsel for defendants then advised that, upon receipt of the bank check, defendant-carrier would re-issue the funds directly to Ms. Green.
 g. Plaintiff's estranged wife, Ms. Darlene Green, expressed to counsel for plaintiff and to counsel for defendants that she was concerned that plaintiff had misappropriated the funds owed to her for his own personal use. Ms. Green also reported that she had received a call from her former church pastor, who advised that plaintiff had recently made a charitable contribution in the amount of $7,407.00, an action uncharacteristic of plaintiff. Further, Ms. Green indicated that the family home, occupied by *Page 5 
plaintiff, was in danger of foreclosure. Ms. Green expressed to counsel for defendants that she was concerned by the reports she had received.
 h. On August 8, 2008, counsel for plaintiff hand-delivered to the office of counsel for defendants a bank check from the church made payable to defendant-carrier.
 i. Defendants filed a Motion to Compel Plaintiff to Return Funds Paid by Defendants and for Temporary Suspension of Benefits on July 25, 2008. On July 28, 2008, the Commission entered an Order compelling plaintiff to return funds to defendants in the amount of $271,631.25 ($362,175.00, less the twenty-five percent (25%) attorney's fee) on or before August 1, 2008.
 j. On July 25, 2008, counsel for plaintiff advised counsel for defendants that a bank check in the amount of $200,000.00 had been received in the mail from plaintiff. Counsel for defendants then sent someone to counsel for plaintiff's office to pick up the bank check later that day.
 k. To date, plaintiff has failed to return $64,224.25 of the amount owed, and thus failed to comply with the Industrial Commission's order of July 28, 2008.
 l. On June 19, 2008, plaintiff filed a Motion to Compel Defendants to Fully Comply with the Opinion and Award of the Full Commission entered April 3, 2007. *Page 6 
 m. On July 29, 2008, the Full Commission entered an Order compelling defendants to tender the funds owed to Ms. Green within thirty (30) days of the Order.
 n. On August 28, 2008, defendant-carrier mailed checks to Ms. Green which totaled $271,631.25.
9. At the hearing, the parties submitted the following:
 A Pre-Trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1).
 ***********
Based upon a review of all the credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 10, 2002, plaintiff sustained an admittedly compensable injury by accident when his head struck a piece of metal machinery, which resulted in the onset of involuntary seizures, dizziness, headaches and depression. On April 3, 2007, the Full Commission entered an Opinion and Award finding plaintiff permanently and totally disabled. The Full Commission also awarded payment to plaintiff's then wife, Ms. Darlene Green, for non-skilled attendant care services provided for plaintiff. Pursuant to the Opinion Award, defendants were obligated to reimburse Ms. Green for the time she had already provided attendant care services for plaintiff.
2. Defendants filed a notice of appeal of the Full Commission's April 3, 2007 Opinion and Award to the North Carolina Court of Appeals, but withdrew their appeal on August 2, 2007. *Page 7 
3. Defendants did not assign error to any of the findings of fact made by Deputy Commissioner Griffin in the Opinion and Award filed February 24, 2009. Accordingly, only the findings of fact related to matters to which error has been assigned (Conclusion of Law number 3 and Award number 3) will be reviewed. Findings of fact 1-11 of the Opinion and Award of Deputy Commissioner Griffin which set forth numerous late penalties defendants owed for their failure to timely pay compensation awarded are final and binding.
4. Pursuant to the Full Commission's April 3, 2007 Opinion and Award, defendants were ordered to pay Ms. Green for her non-skilled attendant care services in the amount of $362,175.00, less a twenty-five percent (25%) attorney's fee.
5. On April 15, 2008, counsel for plaintiff wrote to counsel for defendants advising that, "Mrs. Green has requested her check be in care of our office." Nonetheless, on July 15, 2008, defendants directly deposited into plaintiff's account an amount equaling the amounts due plaintiff and Ms. Green. On July 16, 2008, counsel for plaintiff advised counsel for defendants that plaintiff and Ms. Green were estranged and requested that defendants re-issue the check due Ms. Green in the amount of $271,631.25 ($362,175.00 minus the twenty-five percent (25%) attorney's fee). Counsel for plaintiff also requested that plaintiff return the funds owed to Ms. Green that he had received when defendants improperly deposited funds owed to Ms. Green into his bank account. Defendants presented no evidence showing that they contacted the bank in an effort to retrieve the funds after plaintiff's attorney notified them of the error the day after the funds were wrongfully deposited in plaintiff's account. Counsel for plaintiff made diligent efforts to seek a return of these funds.
6. As stipulated above, on July 25, 2008, counsel for plaintiff received a bank check in the amount of $200,000.00 from plaintiff made payable to defendant-carrier, which he then *Page 8 
provided to counsel for defendants on the same day. Additionally, as stipulated in more detail above, on August 8, 2008, counsel for plaintiff hand-delivered a check from plaintiff's church in the amount of $7,407.00 made payable to defendant-carrier.
7. On July 28, 2008, Executive Secretary Tracey H. Weaver entered an Order compelling plaintiff to immediately return funds in the amount of $271,631.25 made payable to defendant-carrier from the funds improperly deposited into his bank account. Executive Secretary Weaver denied defendants' motion to temporarily suspend plaintiff's compensation until he returned the entirety of the $271,631.25 amount.
8. On July 29, 2008, former Commissioner Lattimore entered an Order compelling defendants to "immediately fully comply with the April 3, 2007 Opinion and Award, including the payment of attendant care expenses and medical expenses." Commissioner Lattimore's Order further provided that failure to comply with the Order within thirty (30) days would subject defendants to further penalties and sanctions under the Act.
9. On August 28, 2008, more than a year and three months after the filing of the Full Commission's Opinion and Award on April 3, 2007 awarding compensation to Ms. Green, defendants paid Ms. Green $271,631.25 ($362,175.00 minus the twenty-five percent (25%) attorney's fee) for the attendant care services provided to plaintiff. However, defendants' payment on August 28, 2008 was overdue. Additionally, no competent evidence was presented showing this payment was overdue due to circumstances beyond defendants' control. Accordingly, defendants owe an additional ten-percent (10%) late payment penalty on the funds owed to Ms. Green.
10. The funds which were negligently deposited into plaintiff's back account were actually owed to Ms. Green for attendant care services and were not wage-replacement benefits *Page 9 
or meant to compensate plaintiff for his ongoing disability. Additionally, the payment of those funds was not an "excessive payment" to plaintiff and did not represent an overcompensation of plaintiff.
11. As of the date of review before the Full Commission, the total amount of funds that plaintiff had not returned to defendants was $64,224.25.
12. Defendants are not entitled to a credit pursuant to N.C. Gen. Stat. § 97-42 against the weekly compensation due plaintiff for the funds plaintiff misappropriated. However, the Full Commission finds it equitable to allow defendants an offset for the total amount owed by plaintiff from any lump sum derived through any future settlement. Considering plaintiff's mental condition, that there is no evidence indicating that plaintiff is capable of complying with the Order directing him to return all of the money, defendants' responsibility for the improper deposit, defendants' lack of effort toward trying to mitigate their damages after learning of their error, and the other evidence (or lack of evidence) of record; the Full Commission finds that defendants' contention that plaintiff should be held in contempt is unpersuasive.
13. The offset allowed herein is not applicable to any weekly wage replacement payment or payment of total disability compensation, even if such payment is a lump sum as a result of being combined with other scheduled payments due to late payment or some other reason. Moreover, because plaintiff is currently receiving the amount of permanent and total disability compensation for which he is entitled by statute to receive, said weekly compensation paid to plaintiff is due and payable when made.
14. There is insufficient evidence from which to address matters over which the Industrial Commission may have jurisdiction relating to criminal contempt sanctions. Some of defendants' arguments may need to be pursued in another forum. *Page 10 
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 97-18(g), if compensation is not paid within fourteen (14) days after it becomes due, a ten-percent (10%) penalty shall be added unless the late payment is excused by the Commission after a showing by defendants that it was late due to conditions over which they had no control. Defendants' payment of money owed to Ms. Green on August 28, 2008 constituted an overdue payment. Additionally, no competent evidence was presented showing this payment was overdue due to circumstances beyond defendants' control.
2. Pursuant to N.C. Gen. Stat. § 97-18(g), Ms. Darlene Green is entitled to have defendants pay to her a ten percent (10%) late payment penalty on the total amount of compensation awarded to her for the attendant care services she previously provided to plaintiff.
3. Defendants are not entitled to terminate or suspend plaintiff's weekly wage replacement or total disability compensation.
4. Pursuant to N.C. Gen. Stat. § 97-42, defendants may be granted a credit for any payments made to plaintiff, which were not due and payable when made. Also, it is within the discretion of the Commission to grant a credit and to determine the amount of the credit. Church v. BaxterTravenol Laboratories, Inc., 104 N.C. App. 411, 409 S.E.2d 715 (1991). However, because plaintiff is currently receiving the amount of total disability compensation to which he is entitled by statute to receive, said weekly compensation paid to plaintiff is due and payable when made, and is therefore not subject to a credit pursuant to N.C. Gen. Stat. §97-42. *Page 11 
5. Defendants' negligent depositing of money owed to Ms. Green into plaintiff's bank account was not a "payment made to plaintiff" but rather a payment made to Ms. Green that was deposited in error into plaintiff's back account. Moretz v. Richards Associates, Inc., 316 N.C. 539,342 S.E.2d 844 (1986). The payment was also not an "excessive payment" made to plaintiff and did not represent an overcompensating of plaintiff. Id. Moreover, although plaintiff received money he was not entitled to receive, the money received was not plaintiff's money and cannot therefore be considered a duplicative payment, a wage supplement or wage replacement and was different from being a workers' compensation payment made to plaintiff. Id; Rice v. City of Winston-Salem,154 N.C. App. 680, 572 S.E. 2d 794 (2002).
6. In the discretion of the Full Commission, however, it is equitable that defendants be repaid the money plaintiff misappropriated, but in the form of an offset, not a credit. N.C. Gen. Stat. § 97-42; Church v.Baxter Travenol Laboratories, Inc., 104 N.C. App. 411, 409 S.E.2d 715
(1991); Moretz v. Richards Associates, Inc., 316 N.C. 539,342 S.E.2d 844 (1986). The Full Commission therefore concludes that defendants should be allowed an offset from any lump sum derived through any future settlement to plaintiff in this case. Moretz v. Richards Associates, Inc., 316 N.C. 539, 342 S.E.2d 844 (1986); Rice v. City ofWinston-Salem, 154 N.C. App. 680, 572 S.E. 2d 794 (2002). This offset is not applicable to any weekly wage replacement payment or payment of total disability compensation, even if such payment is a lump sum as a result of being combined with other scheduled payments due to late payment or some other reason. Id.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 12 
 AWARD
1. Defendants shall pay to Ms. Darlene Green a ten percent (10%) late payment penalty on the total amount awarded to her in the April 3, 2007 Opinion and Award of the Full Commission for the attendant care services she provided to plaintiff.
2. Defendants' request to terminate or suspend plaintiff's benefits is denied.
3. Defendants' request for a credit pursuant to N.C. Gen. Stat. § 97-42
is denied. However, defendants are granted an offset in the amount of $64,224.25 from any lump-sum plaintiff derives through any future settlement in this case. This offset is not applicable to any weekly wage replacement payment or payment of total disability compensation, even if such payment is a lump sum as a result of being combined with other scheduled payments due to late payment or some other reason.
4. Defendants' request for contempt sanctions is denied.
5. Defendants shall pay the costs.
This the ___ day of September, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ PAMELA T. YOUNG CHAIR
S/___________________ STACI T. MEYER COMMISSIONER