***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Gillen and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. On 18 May 2000 plaintiff suffered a compensable injury by accident to her right wrist while employed as a Director of Emergency Medical Services for Gaston College.
4. Plaintiff's average weekly wage at the time of injury was $917.07.
5. On 1 July 2001 defendants filed a Form 60 admitting plaintiff's right to compensation in the amount of $588.00 per week for temporary total disability under N.C. Gen. Stat. § 97-29, beginning 1 July 2001.
6. On 26 November 2001 plaintiff's authorized treating physician, Dr. Warren Burrows, rated plaintiff's permanent partial disability as 15% of the right hand, and released her to return to work subject to the following restrictions:
 a. Lifting and carrying right hand — occasional lifting of no more than 5-7 pounds.
 b. Lifting and carrying with both hands — continuous, 5 pounds, frequent 7-10 pounds, occasional 15 pounds.
 c. No use of tools with the right hand.
 d. May use computer mouse frequently, but not continuously, with the right hand.
 e. May teach CPR, but should not perform it on a professional basis.
7. Since 26 November 2001 plaintiff has unsuccessfully sought fulltime work within these restrictions. *Page 3 
8. In 2005, plaintiff performed temporary work for the United States Department of Homeland Security, earning $13,287.92.
9. In 2006, plaintiff performed temporary work for the United States Department of Homeland Security, earning $7,408.86.
10. On 27 March 2007 defendants filed a Form 24 seeking authorization to stop payment of compensation for temporary total disability.
11. On 1 May 2007 Special Deputy Commissioner Rawls issued an administrative order denying Defendant's Form 24. The order stated:
 Defendants are entitled to a credit for wages earned from the Department of Homeland Security. Should the parties be unable to agree on the amount of any such credit, defendants may file a Form 33 to request a hearing on this issue.
12. In 2007, plaintiff performed temporary work for the Department of Homeland Security, earning $5966.69.
13. Since 1 May 2008, Defendant has reduced Plaintiff's weekly indemnity compensation amount from $588.00 to $388.00.
14. In 2008, plaintiff performed temporary work for the Department of Homeland Security, earning $29,662.24.
15. Since 1 January 2009, plaintiff has performed temporary work for the Department of Homeland Security, earning $28,550.70 through 20 June 2009.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. Plaintiff worked as a Director of Emergency Medical Services for defendant. On 18 May 2000 plaintiff suffered a compensable injury to her right wrist. Defendant accepted plaintiff's right wrist condition as compensable pursuant to a Form 60 dated 6 August 2001. This Form documents that defendant commenced payment of temporary total disability compensation on 8 July 2001 at a weekly rate of $588.00, the statutory maximum weekly benefit for injuries occurring in 2000.
2. Plaintiff worked as a contract employee for defendant. In January 2001, defendant informed plaintiff that her contract was not being renewed. Plaintiff continued to work in her position and received her full salary until 30 June 2001.
3. In 2001, near the end of her employment with defendant, plaintiff underwent right wrist surgery.
4. On 26 November 2001 plaintiff's treating physician assigned her a 15% permanent partial impairment rating to her right hand and placed her under the work restrictions listed in stipulation 6, supra.
5. During 2005 plaintiff returned to work for a different employer, the United States Department of Homeland Security, at reduced wages. In 2005 plaintiff worked for the United States Department of Homeland Security for 23 weeks, earning $13,287.92.
6. In 2006, plaintiff worked nine weeks for the United States Department of Homeland Security, earning $7,408.86.
7. In 2007, plaintiff worked at the Department of Homeland Security for approximately 7 weeks, earning $5966.69.
8. In 2008, plaintiff worked for 46 weeks for the Department of Homeland Security, earning $29,662.24. *Page 5 
9. From 1 January 2009 through 20 June 2009, plaintiff worked 24 weeks for the Department of Homeland Security, earning $28,550.70. This is a compensation rate higher than her pre-injury wages.
10. Plaintiff, however, did not inform defendant of her return to work and thereby received her full $588.00 weekly temporary total disability compensation benefits until 1 May 2008. Following 1 May 2008 defendant reduced plaintiff's weekly benefits to $388.00. Plaintiff testified that she did not realize that it was improper to receive temporary total disability benefits while working.
11. Subsequent to her return to work for the Department of Homeland Security in 2005, plaintiff was only partially disabled. Therefore, subsequent to this return to work at reduced wages, plaintiff was entitled to receive temporary partial disability benefits pursuant to N.C. Gen. Stat. § 97-30. However, the 300-week statutory period extending from plaintiff's date of injury set forth by N.C. Gen. Stat. § 97-30 expired on 15 February 2006.
12. Plaintiff continued to work for the Department of Homeland Security and remained in its employ as of the date of the hearing before Deputy Commissioner Gillen.
13. Defendant is entitled to a credit for the amounts it paid to plaintiff during the period following her return to work in 2005 to 15 February 2006 in excess of what she was owed for her temporary partial disability during that period under N.C. Gen. Stat. § 97-30.
14. Defendant is entitled to a credit for all workers' compensation disability benefits paid to plaintiff subsequent to 15 February 2006.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 6 
 CONCLUSIONS OF LAW
1. An employee seeking temporary disability benefits pursuant to the Workers' Compensation Act may seek indemnity benefits by showing that the employee has suffered a loss of wage-earning capacity pursuant to N.C. Gen. Stat. § 97-29 or N.C. Gen. Stat. § 97-30. "A loss of wage-earning capacity may either be total, in which case the employee is entitled to benefits pursuant to § 97-29, or partial, in which case the employee is entitled to benefits pursuant to § 97-30." Knight v. Wal-Mart Stores,149 N.C. App. 1, 10, 562 S.E.2d 434, 441 (2002). If the loss of wage-earning capacity is partial, the employee is entitled to receive benefits for as long as the partial loss of wage-earning capacity lasts, up to a maximum of 300 weeks from the date of injury. See N.C. Gen. Stat. § 97-30; Knight,149 N.C. App. at 10, 562 S.E.2d at 441.
2. As a result of the 18 May 2000 admitted compensable injury, plaintiff was partially disabled and was entitled to weekly temporary partial disability compensation benefits at a rate of sixty-six and two-thirds percent (66 2/3%) of the difference between $917.07, plaintiff's pre-injury average weekly wage, and the weekly wages she was able to earn following her return to work until 15 February 2006, the statutory limit of 300 weeks from the date of injury. Furthermore, her weekly benefit cannot exceed $588.00, the statutory maximum weekly benefit for injuries occurring in 2000. N.C. Gen. Stat. § 97-30.
3. Pursuant to N.C. Gen. Stat. § 97-30, the 300-week period extending from the date of plaintiff's injury during which she could receive temporary partial indemnity compensation expired on 15 February 2006. Therefore, plaintiff was not entitled to receive any additional indemnity benefits subsequent to 15 February 2006. N.C. Gen. Stat. § 97-30.
4. Defendant is entitled to a credit for the amounts it paid to plaintiff during the period following her return to work in 2005 to 15 February 2006 in excess of what she was owed *Page 7 
for her temporary partial disability under N.C. Gen. Stat. § 97-30 during that period as articulated in Conclusion of Law 2 supra. N.C. Gen. Stat. § 97-42;Moretz v. Richards Assocs., Inc.,316 N.C. 539, 342 S.E.2d 844 (1986).
5. Defendant is entitled to a credit for all workers' compensation disability benefits paid to plaintiff subsequent to 15 February 2006. N.C. Gen. Stat. § 97-42; Moretz v.Richards Assocs., Inc., 316 N.C. 539, 342 S.E.2d 844 (1986).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendant is entitled to a credit for the amounts it paid to plaintiff during the period following her return to work in 2005 to 15 February 2006 in excess of what she was owed for her temporary partial disability under N.C. Gen. Stat. § 97-30 during that period.
2. Defendant is entitled to a credit for all workers' compensation disability benefits paid to plaintiff subsequent to 15 February 2006.
3. Plaintiff was and is not entitled to receive any additional indemnity benefits subsequent to 15 February 2006.
4. The parties shall bear their own costs.
This the 10th day of March, 2010.
 S/___________________ DANNY L. McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1