* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Chapman with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. The plaintiff alleges to have sustained a compensable injury on May 17, 2004.
5. An employment relationship existed between the plaintiff and the defendant-employer on and before May 17, 2004.
6. The plaintiff's average weekly wage at the time of the injury was $739.58.
7. AMCOMP Assurance Corp. was the carrier on the risk.
8. The plaintiff was terminated by the defendant-employer on May 17, 2004, pursuant to a company policy regarding chargeable accidents involving $5,000.00 or more damage to company property and/or customer cargo.
9. Defendants accepted the plaintiff's claim for injury by accident via the filing of a Form 63 on June 7, 2004.
10. Defendants' Form 24 application to terminate benefits filed on October 5, 2004, and approved on November 29, 2004, allowed defendants to terminate the plaintiff's temporary total disability benefits effective October 18, 2004. The plaintiff's motion to reconsider was denied by the Commission on January 14, 2005.
11. In addition, the parties stipulated into evidence the following: *Page 3 
 a. Packet of documents which included medical records and reports, Industrial Commission forms and discovery responses;
 b. The plaintiff's discovery responses; and
 c. Emergency department discharge instructions.
12. The Pre-Trial Agreement dated May 16, 2006, which was submitted by the parties, is incorporated by reference.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff, who was fifty years old at the time of hearing before the Deputy Commissioner, was employed by the defendant-employer as a truck driver on May 17, 2004. On that date, he was traveling down Highway 226 transporting a load from Spruce Pine to Gastonia. As he was descending a grade and going around a curve, he lost control of his truck, which caused the truck to tip over. Following the accident, the plaintiff reported that he had not been hurt. However, the tractor of the truck he had been driving had to be towed away for repairs and a salvage company was summoned to the accident site to preserve the freight.
2. A highway patrolman investigated the accident and performed a Level 2 inspection of the truck. He cited the plaintiff for exceeding a safe speed and for driving with a tire which had too little tread.
3. Two days after the accident, the plaintiff went to the emergency room at Carolinas Medical Center for head, neck, and back pain. He returned to the hospital for further treatment on *Page 4 
May 24, 2004. On both occasions, he was advised to see an orthopedic surgeon if his symptoms did not improve.
4. The defendants subsequently began paying workers' compensation benefits arising from the accident pursuant to a Form 63 notice of payment without prejudice. The defendants authorized treatment at Miller Orthopedic Clinic and the plaintiff was evaluated by Dr. Mokris there on June 17, 2004. On that occasion, the plaintiff complained of pain in his left cervical region and in his left arm to his hand, and also complained of some low back and left leg pain. The doctor's initial impression was that the plaintiff had lumbar and cervical strains with possible cervical radiculopathy and sciatica. Dr. Mokris prescribed a steroid dose pack and other medication, and referred the plaintiff to Dr. Brigham, a spine specialist in the office.
5. Dr. Brigham examined the plaintiff on July 15, 2004, and found no evidence of a serious injury. However, because of the potential for the plaintiff having sustained a high-energy injury from the accident, the doctor ordered a CT scan in order to rule out an occult fracture. The test only revealed mild degenerative changes which would have pre-existed the accident and would be a normal finding for someone of the plaintiff's age. A physician's assistant next saw the plaintiff on July 26, 2004, and ordered physical therapy. Dr. Brigham then saw the plaintiff on August 12, 2004, and found no neurological deficits on examination. In view of the fact that there was no evidence of an acute injury on the CT scan and in view of the findings on examination, Dr. Brigham reassured the plaintiff that, even though he was still having some pain, it would be fine for him to return to work. There was no objective reason why the plaintiff could not work as a truck driver at that time.
6. Dr. Brigham also released the plaintiff from medical care that day with no permanent partial disability. *Page 5 
7. The defendant-employer had previously terminated the plaintiff's employment. The company had a written policy providing that a preventable accident causing more than $5,000.00 in damage was grounds for termination. The May 17, 2004 accident had caused more than $5,000.00 in damage to the rig and freight, so the company terminated him pursuant to the written policy. The Full Commission finds that the defendant-employer terminated the plaintiff for misconduct or fault unrelated to the compensable injury, for which a non-disabled employee would ordinarily have been terminated.
8. The plaintiff did not accept Dr. Brigham's work release and made no effort to return to work. He continued to complain of neck and back pain and subsequently obtained authorization to return to see the doctor again. Consequently, Dr. Brigham evaluated the plaintiff once more on October 18, 2004. On that occasion, the plaintiff's complaints were diffuse, not localized, and his neurological examination was still normal. Dr. Brigham remained of the opinion that there was no evidence of serious injury and that the plaintiff could work without restrictions.
9. Defendants filed a Form 24 request to stop payment, which was approved by an Administrative Decision and Order of the Commission, filed November 29, 2004. The order was effective October 18, 2004.
10. The plaintiff sought a second opinion from Dr. Shaffer, an orthopedic surgeon, who examined him on March 8, 2005. Dr. Shaffer noted complaints of posterior neck pain with no radicular symptoms, occipital headaches and back pain when lying down too long. He diagnosed the plaintiff with cervical sprain/strain with aggravation of preexisting C6-7 degenerative disc disease as well as a lumbosacral sprain/strain. The doctor gave the plaintiff a six percent (6%) permanent partial impairment rating of the back as a whole. *Page 6 
11. The defendants requested the hearing that is the subject of this appeal to determine what further benefits were owed to the plaintiff.
12. The Full Commission finds that on May 17, 2004, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. The fact that the plaintiff's truck tipped over constituted an unusual occurrence that interrupted his regular work routine.
13. As a result of this accident, the plaintiff sustained cervical and lumbosacral sprains and strains for which he received appropriate medical treatment. The medical evidence of record shows that the plaintiff was capable of returning to work in his regular job as a truck driver as of August 13, 2004. The plaintiff's allegations to the contrary are not supported by the medical evidence of record. Despite his full work release, the plaintiff made no effort to find employment with any employer up to the date of hearing before the Deputy Commissioner.
14. The defendant-employer terminated the plaintiff for misconduct or fault unrelated to the compensable injury, for which a non-disabled employee would ordinarily have been terminated. Although the plaintiff claimed at the hearing that the brakes on the truck malfunctioned, there was no evidence that he raised that as an issue after the accident, and the evidence established that the brakes were inspected and underwent no repairs before the truck was placed back into service. Consequently, the Full Commission finds those allegations to be unsupported by the evidence or record.
15. The plaintiff reached maximum medical improvement with respect to his injury on August 12, 2004. After he reached maximum medical improvement, the plaintiff did not require further medical treatment to effect a cure, give him relief or lessen his disability. *Page 7 
16. The plaintiff sustained a three-percent (3 %) permanent partial disability to his back as a result of the August 12, 2004 injury by accident.
17. The Form 63 filed with the Industrial Commission showed that the plaintiff had an average weekly wage of $600.00 and a compensation rate of $402.00. No documentation was submitted to change the compensation rate paid, but the Form 24 request to stop payment stated that defendants had paid a total of $9,900.66 to the plaintiff for a period of twenty weeks, which would indicate a compensation rate of approximately $495.03. Consequently, it appeared that the plaintiff was actually paid compensation at approximately the correct compensation rate based upon the average weekly wage stipulated to at the hearing before the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The defendant-employer terminated the plaintiff for misconduct or fault unrelated to the compensable injury, for which a non-disabled employee would ordinarily have been terminated. Seagraves v. Austin Co.of Greensboro, 123 N.C. App. 228, 234, 472 S.E.2d 397, 401 (1996).
2. The plaintiff was not entitled to compensation for total disability after August 12, 2004, in that he was capable of returning to work as a truck driver after that date and earning wages equivalent to his former earnings with the defendant-employer. N.C. Gen. Stat. § 97-29;Russell v. Lowe's Products Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993).
3. Temporary total disability ends when a claimant reaches maximum medical improvement. Moretz v. Richards and Associates, Inc.,316 N.C. 539 (1986); Franklin v. Broyhill *Page 8 Furniture Industries, 123 N.C. App. 200 (1996). Consequently, the defendants overpaid compensation to the plaintiff from August 13 until October 18, 2004, and are entitled to a credit for the overpayment. N.C. Gen. Stat. §§ 97-29; 97-42.
4. Although the plaintiff would be entitled to compensation at the rate of $493.06 per week for nine weeks for the three-percent (3%) permanent partial disability he sustained to his back, the defendants have previously overpaid compensation to him in excess of that amount. N.C. Gen. Stat. §§ 97-31 (23); 97-42.
5. No further medical treatment would tend to effect a cure, give the plaintiff relief, or lessen his disability from this injury. N.C. Gen. Stat. §§ 97-2 (19); 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Because the defendants have overpaid compensation to the plaintiff in excess of the nine weeks of compensation to which he would be entitled for permanent partial disability, he is not entitled to further compensation. Rather, the defendants are entitled to a credit for the excess paid as against any future compensation which may be found to be due.
2. The plaintiff is not entitled to further medical treatment at this time.
3. The defendants shall pay the costs.
 This 23rd day of April 2007. *Page 9 
S/____________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ BUCK LATTIMORE CHAIRMAN
 S/____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1