JAMES HOGAN, JR., Employee, Plaintiff v. TEaRMINAL TRUCKING COMPANY, INC., Employer, AMCOMP ASSURANCE CORP., Carrier, Defendants

No. COA07-1273

(Filed 3 June 2008)

### 1. Workers' Compensation— termination under company policy regarding accidents—stipulations

An Industrial Commission finding and conclusion that plaintiff was terminated by his employer pursuant to a company policy regarding accidents was adequately supported by the stipulations of the parties and was binding on appeal.

### 2. Workers' Compensation— ability to return to work—supported by medical evidence—contrary evidence of ongoing pain

The Industrial Commission's findings of fact in a workers' compensation case that plaintiff could return to work were supported by competent medical evidence even though plaintiff contented that his testimony about ongoing pain was sufficient to support a conclusion of total disability.

**3. Workers' Compensation— repair of truck—best evidence rule not applicable**

In a workers' compensation action involving a truck accident, a manager's testimony about the inspection and repair of the truck was competent even though plaintiff contended that it was not competent under the best evidence rule. The best evidence rule did not apply since the challenged finding did not seek to establish the content of a writing.

**4. Workers' Compensation— maximum medical improvement—disability**

In a workers' compensation case, the Industrial Commission properly found from the medical evidence that plaintiff had reached maximum medical improvement; properly concluded under this factual scenario (in which plaintiff did not establish a loss of wage-earning capacity) that temporary total disability ended when plaintiff reached maximum medical improvement; had competent evidence in differing medical opinions to support a finding that plaintiff's impairment rating fell between zero and six percent and averaged three percent; and properly determined plaintiff's compensation and defendant's excess payments.

Appeal by plaintiff from opinion and award entered 16 May 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 April 2008.

*Robert M. Talford for plaintiff-appellant.*

*Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham and Rebecca L. Thomas, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiff appeals an opinion and award of the Industrial Commission concluding that plaintiff is not entitled to compensation for total disability after 12 August 2004 and determining that defendants had overpaid compensation and were entitled to a credit for overpayment.

Plaintiff was employed by defendant-employer Terminal Trucking Company, Inc. as a truck driver on 17 May 2004 when he was traveling on Highway 226 transporting a load from Spruce Pine to Gastonia. As he was descending a grade and going around a curve, he lost control of his truck, which caused the truck to tip over. Following the

accident, plaintiff reported that he had not been hurt. However, the tractor of the truck had to be towed away for repairs, and a salvage company came to the accident site to preserve the freight. A highway patrolman investigated the accident and inspected the truck. He cited plaintiff for exceeding a safe speed and for driving with a tire that had too little tread. Defendant-employer had a written policy providing that a preventable accident causing more than $5,000 in damage to the rig and freight was grounds for termination. After the accident, defendant-employer terminated plaintiff pursuant to the written policy.

Two days after the accident, plaintiff went to the emergency room complaining of head, neck, and back pain. He sought further treatment at the hospital on 24 May 2004. Plaintiff was advised to see an orthopedic surgeon if his symptoms did not improve. On 17 June 2004, plaintiff sought treatment from Dr. Mokris at Miller Orthopedic Clinic for pain in his left cervical region, his left arm and hand, his lower back, and his left leg. Dr. Mokris diagnosed plaintiff with lumbar and cervical strains with possible cervical radiculopathy and sciatica and prescribed a steroid dose pack and other medication. Dr. Mokris referred plaintiff to Dr. Brigham, a spine specialist in the same office.

On 15 July 2004, Dr. Brigham examined plaintiff and ordered a CT scan to rule out an occult fracture. The test revealed only mild degenerative changes, which likely preexisted the accident and would be a normal finding for someone plaintiff's age. On 26 July 2004, a physician's assistant ordered physical therapy. Dr. Brigham next saw plaintiff on 12 August 2004 and found no neurological deficits. Dr. Brigham reassured plaintiff that, although he was still having some pain, it would be fine for him to return to work, and Dr. Brigham assigned plaintiff no permanent partial disability rating. Plaintiff did not accept Dr. Brigham's work release and made no effort to return to work. He continued to complain of neck and back pain and returned to see Dr. Brigham on 18 October 2004. Dr. Brigham's opinion about plaintiff's condition did not change.

On 8 March 2005, plaintiff sought a second opinion from Dr. Shaffer, an orthopedic surgeon. Dr. Shaffer noted plaintiff's complaints of posterior neck pain with no radicular symptoms, occipital headaches, and back pain when lying down too long. He diagnosed plaintiff with cervical sprain/strain with aggravation of preexisting C6-7 degenerative disc disease as well as a lumbosacral sprain/strain.

HOGAN v. TERMINAL TRUCKING CO.

[190 N.C. App. 758 (2008)]

Dr. Shaffer gave plaintiff a six percent permanent partial impairment rating of the back as a whole.

Defendant-employer gave notice on 7 June 2004 that it would pay compensation for the injury without prejudice. Payments covered the period 18 May 2004 through 18 October 2004. Defendant-employer applied to terminate compensation because plaintiff had been released to return to work without any restrictions and had sustained no permanency as a result of the injury. Payments were terminated effective 18 October 2004.

Plaintiff requested that the claim be assigned for hearing, and the case was heard 16 May 2006. The deputy commissioner determined "[p]laintiff was not entitled to compensation for total disability after August 12, 2004" and found that compensation for the period 13 August 2004 through 18 October 2004 constituted overpayment. Plaintiff appealed to the Full Commission, which affirmed the opinion and award. Plaintiff appealed the Full Commission's opinion and award to this Court.

_____

Plaintiff assigned error to findings of fact and conclusions of law related to five issues. On appeal, we review decisions from the Industrial Commission to determine whether any competent evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004).

[1] First, plaintiff argues the Commission erred in its findings and conclusions that "[defendant-employer] terminated [plaintiff] pursuant to the written policy" and "defendant-employer terminated the plaintiff for misconduct or fault unrelated to the compensable injury, for which a non-disabled employee would ordinarily have been terminated." Plaintiff argues that the finding is unsupported by the evidence and contends that defendant-employer did not meet its burden to prove that the accident was preventable and the damage to the rig and freight exceeded $5,000. However, the Commission acknowledged the parties' stipulation that "plaintiff was terminated by the defendant-employer on May 17, 2004, pursuant to a company policy regarding chargeable accidents involving $5,000.00 or more damage to company property and/or customer cargo." When a challenged finding of fact is adequately supported by the stipulations of the parties, it is conclusive and binding on this Court. *Hollman v. City of Raleigh Pub. Util. Dep't*, 273 N.C. 240, 245, 159 S.E.2d 874, 877 (1968).

[2] Next, plaintiff argues that the findings of fact related to the severity of plaintiff's injury were unsupported by the evidence. First, the Commission found "Dr. Brigham examined the plaintiff on July 15, 2004, and found no evidence of a serious injury." This finding of fact is supported by Dr. Brigham's testimony during his deposition where, upon being asked "Dr. Brigham, I believe in your note [sic] of July 15 you indicated that your opinion was that Mr. Hogan had not sustained a serious injury. Do you recall making that statement?," he replied, "[y]es" and described the examination he performed on plaintiff and compared his findings about plaintiff's condition with the injuries he had seen in other patients.

Further, the Commission found that after examining plaintiff on 18 October 2004 "Dr. Brigham remained of the opinion that there was no evidence of serious injury and that the plaintiff could work without restrictions." In his notes from the examination, Dr. Brigham stated "I have reassured, again, [plaintiff] that his symptoms should gradually subside, and the studies confirm that he does not have a serious injury. I . . . have again released him without restriction."

Plaintiff argues that his testimony that he experienced ongoing pain was sufficient to support a conclusion of total disability in accordance with *Weatherford v. American National Can Co.*, 168 N.C. App. 377, 607 S.E.2d 348 (2005). In *Weatherford*, this Court noted, "[m]edical evidence that the plaintiff suffers from pain as a result of physical injury, combined with the plaintiff's own testimony that he is in pain has been held to be sufficient to support a conclusion of total disability." *Id.* at 380-81, 607 S.E.2d at 351. Although evidence of the claimant's pain in *Weatherford* was sufficient to support a determination that the claimant was disabled, it is not necessarily sufficient in all cases. As noted in *Weatherford*, plaintiff must "show his incapacity to earn pre-injury wages in one of four ways," by presenting evidence that either plaintiff is "incapable of working in any employment," plaintiff has "been unsuccessful in his effort to obtain employment," it would be futile for plaintiff to seek other employment because of pre-existing conditions, or plaintiff "has obtained other employment at a wage less than he earned prior to the injury." *Id.* at 380, 607 S.E.2d at 351 (citing *Russell v. Lowes*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)). Plaintiff presented no evidence of any of these scenarios.

Ultimately, the Commission found "[t]he medical evidence of record shows that the plaintiff was capable of returning to work in his regular job as á truck driver as of August 13, 2004." This finding is

supported by Dr. Brigham's notes from 12 August 2004, stating "I have reassured [plaintiff] that even though he is still having pain, it is safe for him to return to work without restriction." Plaintiff contends that his ongoing pain refutes Dr. Brigham's testimony about the severity of his injury; however, "[t]he Commission's findings of fact are conclusive on appeal when supported by . . . competent evidence, 'even though there [is] evidence that would support findings to the contrary.' " *McRae*, 358 N.C. at 496, 597 S.E.2d at 700 (alteration in original) (quoting *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)). All of the Commission's findings of fact concerning the severity of plaintiff's injury are supported by competent evidence; accordingly, plaintiff's assignments of error are overruled.

[3] Plaintiff also challenges the Commission's findings that "the evidence established that the brakes were inspected and underwent no repairs before the truck was placed back into service." Although the terminal manager for defendant-employer testified that a mechanic checked the truck after the accident when they repaired it and that the mechanics did not "do any work to the brakes," plaintiff contends that the manager's testimony is not competent evidence under the "best evidence rule." Defendant cites no authority for this assertion, but we note that North Carolina Evidence Rule 1002 is commonly referred to as the "best evidence rule," and it states "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." N.C. Gen. Stat. § 8C-1, Rule 1002 (2007); *see also State v. York*, 347 N.C. 79, 91, 489 S.E.2d 380, 387 (1997). In this case, since the challenged finding of fact does not seek to establish the content of a writing, but rather whether the truck was physically inspected and repaired, the "best evidence rule" does not apply, and the manager's testimony about the inspection and repair of the truck was competent.

[4] Plaintiff next challenges the Commission's finding of fact that "plaintiff reached maximum medical improvement with respect to his injury on August 12, 2004. After he reached maximum medical improvement, the plaintiff did not require further medical treatment to effect a cure, give him relief or lessen his disability." In his deposition, Dr. Brigham stated that he felt plaintiff had reached maximum medical improvement for his injuries from the accident by 12 August 2004 and "that there [was] no surgical, physical, therapeutic, pharmacological or injection therapy that [would] make his condition better." Plaintiff argues that he needed an MRI for further diagnosis because

Dr. Mokris opined in June 2004 that an MRI might be needed if plaintiff continued to experience "significant upper extremity symptoms." Despite Dr. Mokris' forecast of tests that might be required depending on plaintiff's progress, Dr. Brigham's opinion after examining plaintiff in August 2004 is competent evidence sufficient to support the Commission's finding that further treatment was not required. Furthermore, this finding of fact clearly supports the Commission's conclusion "[n]o further medical treatment would tend to effect a cure, give the plaintiff relief, or lessen his disability from this injury."

Also related to this finding of fact, the Commission concluded:

Temporary total disability ends when a claimant reaches maximum medical improvement. *Moretz v. Richards and Associates, Inc.*, 316 N.C. 539 (1986); *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200 (1996). Consequently, the defendants overpaid compensation to the plaintiff from August 13 until October 18, 2004, and are entitled to a credit for the overpayment.

Plaintiff argues the Commission improperly characterized the law from *Moretz* and *Franklin* and contends that a contrary legal standard applies, as described in *Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 562 S.E.2d 434 (2002), *aff'd per curiam*, 357 N.C. 44, 577 S.E.2d 620 (2003). This Court in *Knight* held:

[A]s established by case law both prior to *Franklin* and since *Franklin*, the concept of MMI does not have any direct bearing upon an employee's right to continue to receive temporary disability benefits (or upon an employee's presumption of ongoing disability) *once the employee has established a loss of wage-earning capacity* pursuant to N.C. Gen. Stat. § 97-29 or § 97-30.

*Id.* at 16, 562 S.E.2d at 444 (emphasis added). In this case, plaintiff did not establish a loss of wage-earning capacity under any of the *Russell* scenarios, as previously discussed; thus, *Knight* is inapplicable. The Commission properly concluded, according to the factual scenario presented in this case, that temporary total disability ends when a claimant reaches maximum medical improvement, pursuant to *Moretz* and *Franklin*. *Moretz v. Richards & Assocs., Inc.*, 316 N.C. 539, 542, 342 S.E.2d 844, 847 (1986) ("Plaintiff's 'healing period' had stabilized and he had reached his maximum recovery by December 1977, and it is this date that marks the termination of his compensation for temporary total disability and the initiation of compensation for permanent disability."); *Franklin v. Broyhill Furniture Indus.*,

123 N.C. App. 200, 204-05, 472 S.E.2d 382, 385 (1996) ("Temporary total disability is payable only 'during the healing period.' The 'healing period' ends when an employee reaches 'maximum medical improvement.' " (citations omitted)).

Ultimately, plaintiff challenges the Commission's finding of fact that "plaintiff sustained a three-percent (3%) permanent partial disability to his back as a result of the August 12, 2004 injury by accident." Plaintiff argues that the finding is not supported by the evidence because Dr. Shaffer gave plaintiff a six percent permanent partial impairment rating for his entire back. However, Dr. Brigham gave plaintiff a zero percent impairment rating for his back. In light of the differing medical opinions, the Commission had competent evidence to support a finding that plaintiff's impairment rating fell between zero and six percent and averaged three percent. Based on this finding, the Commission properly concluded that "plaintiff would be entitled to compensation at the rate of $493.06 per week for nine weeks for the three-percent (3%) permanent partial disability he sustained to his back, [but] the defendants have previously overpaid compensation to him in excess of that amount." Accordingly, these assignments of error are overruled.

Affirmed:

Judges BRYANT and ARROWOOD concur.